BEARDEN *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered April 29, 1912.

1. RELEASE—RESCISSION—NECESSITY OF TENDER.—Money paid to a party as a consideration for a release does not have to be tendered or refunded to enable such party to bring and maintain his suit where it is shown that at the time the money was paid him and the release was executed he was incapable of making a contract, and that, by fraud and circumvention or imposition, he was induced to sign a paper of whose contents and character he was ignorant. (Page 343.)

2. ACTION—AUTHORITY TO BRING—QUESTION FOR COURT.—The question whether a suit which purported to be brought by plaintiff was authorized by her was a question of law and fact for the court, and should not be submitted to the jury by instructions of the court. (Page 344.)

Appeal from Lonoke Circuit Court; *Eugene Lankford*, Judge; reversed.

STATEMENT BY THE COURT.

The appellant was sixty-eight years old. She was illiterate and incapable of transacting business. She relied on her son to transact all of her business for her. She had been deaf in one ear since childhood. On May 9, 1911, she was hurt on a passenger train of appellee at Beebe. She sued the appellee for damages for the injury, alleging, in substance,

that after the train had stopped for the station at Beebe she arose from her seat with the view of getting off the train at the station; that as she started to the front of the coach the train gave a sudden jerk and threw her back on the seat, injuring her back and shoulders, from which she suffered at the time, and has continued to have mental and bodily pain and suffering. She alleged that her injuries were caused by the negligence of the appellee in not stopping its train a sufficient length of time to permit its passengers to alight in safety and in jerking the train forward without warning to the appellant.

The appellee denied all the material allegations of the complaint, and set up a release, and also the defense of contributory negligence.

The verdict was in favor of the appellee, and the appellant has duly prosecuted her appeal.

*T. C. Trimble, Jr.,* and *June P. Wooten,* for appellant.

1. The release executed by appellant having been materially altered in respect to the expressed consideration was not admissible in evidence. 14 Enc. of Evidence, 701; 57 Ind. 408; 5 Utah 205; 20 Ga. 676; 25 Neb. 618, 41 N. W. 550; 2 Elliott on Ev. § § 1492, 1493.

The materiality of the alteration was a question of law for the court. 1 Enc. of Ev. 822, and authorities cited; 35 Ark. 146; 2 Elliott on Ev. § 1516.

2. Instruction 4 is without evidence on which to base it.

Instruction 9 is unfair and prejudicial to appellant, in view of the proof of her age, illiteracy, incapacity to transact business affairs, etc. Instruction 8 ought not to have been given at all. Whether the suit was instituted by the authority of appellant was not a jury question, but purely a question of jurisdiction for the court to decide. 12 Enc. Pl. & Pr. 180, and authorities cited; *Id* 181, 182.

*W. E. Hemingway, Lovick P. Miles* and *Thos. B. Pryor,* for appellee.

The release in question was not an executory contract, but a mere memorial of an executed transaction, the legal effect of which was fully accomplished before the alteration was made. It was competent, and properly admitted. 86

Am. St. Rep. 124; 104 Ala. 570; 61 Ala. 263; 189 Ill. 488; 5 Ind. 267; 50 Ia. 130; 65 W. Va. 605; 131 Ala. 117; 9 Mass. 307; 3 Stark 60; 16 Am.&Eng. Enc. of L.(N. S.) 432. If appellants accepted a sum, however small, as compensation for her injuries, she can not recover.   85 Ark. 592; 82 Ark. 112.

WOOD, J., (after stating the facts).   Among the instructions given at the instance of the appellee were the following:

"4.   You are instructed that, although a person may make a compromise or settlement when not in a normal condition, mentally or physically, yet, when she regains her normal condition mentally, she may and does ratify her act, if she has knowledge of it, by silence and retaining the benefit, if any, accruing to her from said act."

"8.   If you find from the evidence that the plaintiff did not authorize this suit to be brought, then under the law neither her son nor any one else had authority to bring the suit, and your verdict should be for the defendant."

"9.   If you find from the evidence that the plaintiff did not authorize any one to send the money back to the railway company, then the court instructs you that the mere fact that some one may have sent the money back would not have any effect upon the settlement, if there was a settlement made, and plaintiff can not recover, and your verdict must be for the defendant."

Instruction 4 and 9 were erroneous.   They were calculated to cause the jury to believe that a settlement made by appellant with the appellee, after the injury, was binding upon the appellant if she retained the money that she received at the time of the alleged settlement.   The question as to whether or not the settlement was made with the appellant and the release executed under circumstances that would make it fraudulent and void was submitted to the jury at the request of the appellee, as indicated by its prayer No. 3; and, without entering into detail, we are of the opinion that the evidence was sufficient to warrant the court in submitting that question to the jury.

There was evidence to warrant the finding that the settlement and release were fraudulent and void.   This case is ruled on this question by the case of *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 73 Ark. 42.   According to the doctrine of

that case, "money paid a party as a consideration for a release does not have to be tendered or refunded, to enable such party to bring and maintain his suit, where it is shown that at the time the money was paid him and the release was executed he was incapable of making a contract, and that, by fraud and circumvention or imposition, he was induced to sign a paper of whose contents and character he was ignorant."

The evidence was sufficient to warrant a finding that the appellant, at the time she signed the release in evidence, was not aware of the contents of the paper. True, there was testimony that it was read to her, but she states she did not understand it at all, and her ignorance and illiteracy and suffering were such that it was a jury question as to whether or not the release was void under the circumstances of its procurement.

The fourth instruction, therefore, which virtually told the jury that such a contract might be ratified by retaining the benefit of it, was erroneous and highly prejudicial.

The ninth instruction was likewise erroneous and prejudicial because it was calculated to cause the jury to conclude that the return of the money received was essential to the maintenance of the suit on the part of the appellant.

The court erred also in submitting to the jury the question as to whether or not the suit was authorized by the appellant. This was a question of law and fact for the court, and not for the jury. It was the duty of the appellee, in order to get the benefit of the contention, to have raised the point before the case was sent to the jury on the issues of negligence and contributory negligence. There was no motion to dismiss for want of proper parties. Appellee raised this question for the first time in its prayer No. 8, which the court granted. If the suit was not brought by the appellant, then the court had no jurisdiction either of the subject-matter or of the person of appellant, and the appellee should have moved to dismiss before other pleas were filed by it. See 12 Enc. Pl. & Pr. p. 181.

For the errors indicated the judgment is reversed, and the cause remanded for a new trial.